## SULLIVAN v NEW YORK, CHICAGO & ST LOUIS RD CO

Ohio Appeals, 9th Dist, Lorain Co

No 799. Decided Nov 6, 1936

Fuerst & Brown, Cleveland, and G. A. Resek, Lorain, for appellee.

Glitsch, Stack & Moon, Lorain, for appellant.

## OPINION

By STEVENS, J.

This cause is one wherein the appellee (plaintiff) sought the recovery of damages from the appellant (defendant) for serious personal injuries alleged to have been sustained by him in a collision between an engine and tender of the B. & O. Railroad Company, upon which appellee was riding as yard foreman, and a train of appellant, claimed to have been negligently operated by appellant. From a verdict and judgment in favor of appellee, appeal on questions of law is prosecuted to this court.

The facts are briefly these:

The B. & O. Railroad Company operates its railroad within the City of Lorain, in Lorain County, in a northerly and southerly direction. The appellant company operates a steam railroad in and through the city of Lorain in an easterly and westerly direction. The two railroads cross at grade between the extensions of Eleventh and Twelfth Streets and some distance east of Broadway Street, which street is the principal business thoroughfare of said city of Lorain. At the southwest corner of the grade crossing of the two railroads is a station house used and occupied by both companies, and in said station house is

contained mechanism for the operation of a manual block, or signal, with a cross-arm thereon operated from said office on the first floor of said station house. The cross-arm on said signal is located some 35 to 40 feet above the ground and is capable of being placed in three positions; a vertical one, which it is conceded indicates a position in favor of the New York, Chicago & St. Louis Railroad Company, a neutral position, and a horizontal position, which it is conceded is a signal favorable to the use of said crossing by the B. & O. Railroad Company.

The train of the appellant company at the time of the collision in question consisted of an engine, tender, one car and a caboose; and the B. & O. equipment consisted merely of an engine and tender.

It is a provision of the state law, and a rule of both companies here involved, that before proceeding over said grade crossing, all trains or engines must be brought to a stop not closer than 200 feet nor further away than 800 feet from said crossing; that if said block or signal is set against them, it is necessary to give a signal by whistle to obtain the attention of the operator of said block, and that if the block is then moved in their favor, two blasts of the whistle should then be sounded, and the train might then proceed over said grade crossing; and the rules further provided that said block could not thereafter be taken from the equipment which had availed itself of the block in pursuance of the signal unless said equipment was stopped or was flagged down by the block operator.

At the time of the collision in question, the engine and tender of the B. & O. Railroad Company, upon which appellee was riding, was proceeding in a northerly direction, the tender thereof preceding the engine, and the train of the appellant was proceeding in an easterly direction.

All of the appellee's witnesses testified that at the time the engine of the B. & O. Railroad Company stopped at a distance variously estimated at from 200 to 700 feet from said grade crossing, the signal or block at said grade crossing was set in favor of the appellant railroad company; that the required signal of one blast of the whistle was given by the B. & O. engine, and that said block was then changed in favor of the B. & O. equipment; that two blasts of the whistle were then given, and said equipment proceeded toward said crossing, and that said block was not thereafter changed.

The evidence of the appellant indicates

that when appellant's equipment was stopped at a distance approximately 800 feet from said railroad grade crossing, the block was set in favor of the appellant company and that it continued to be so set until said equipment had reached a point something more than 300 feet west of said crossing, from which point none of the appellant's employees are able to testify as to the condition or position of said block or signal, because they did not observe the same, except that it is conceded that said block or signal was set in favor of the B. & O. equipment immediately after the collision in question.

It is thus apparent that the jury was justified in finding that said block or signal was changed in favor of the B. & O. engine, and was against the appellant, when the train of appellant was some distance away from said grade crossing.

The evidence further discloses that none of appellant's crew looked at said signal or block from the time said crew was more than 300 feet from said crossing, and it was testified by the members of said crew that they had a right to rely upon another of appellant's agents, the signal man, operating said block or signal, to notify them of any change in the position of said block.

This latter contention is, of course, no excuse, either in law or fact, for the failure of appellant's crew to observe said signal before proceeding upon said grade crossing, because the record herein discloses that the party upon whom said appellant's crew claimed the right to rely was acting for and on behalf of appellant. Both by law and by rule of said company, it was the duty of appellant to maintain a look-out ahead, and not doing so is not excused by charging another employee of appellant company with failure to perform his duty in advising the crew of appellant's train of a change in the position of said signal.

While said two trains were proceeding at right angles to each other, the equipment of the B. & O. Railroad Company first occupied said grade crossing, and while the crews of both engines, upon discovery of the imminent collision, attempted to stop their respective equipments, they were so close together when discovery was made of the presence of the other equipment, that said equipments were not stopped and a collision ensued. The inability of the crew of either equipment to see the approach of the other, was by reason of the station building upon the southwest corner of said intersection obscuring the view of the ap-

proach of trains coming at right angles to said crossing. As a result of the collision which occurred, appellee was thrown from his position on top of the water tank of the B. & O. equipment, precipitated upon the rails of said road, and suffered serious injuries.

Numerous assignments of error are presented by appellant. Those assignments are as follows:

1. That the court erred in overruling the motions of appellant to direct a verdict at the close of plaintiff's case and at the close of the testimony in the case.

2. That the verdict is not sustained by sufficient evidence and is contrary to law.

3. That the court erred in its general charge to the jury.

4. That the court erred in failing to charge the jury on the rule of law applicable to the situation in the event that the jury found that the accident was caused or directly contributed to by the negligence of the operator of the manual block, to which the court's attention was called by appellant at the conclusion of the general charge.

5. That the court erred in refusing to give to the jury special charge No. 8, requested by the appellant.

6. That the court erred in giving to the jury the appellee's special requests to charge.

7. Misconduct of counsel for appellee in the argument to the jury, calculated to excite passion and prejudice in the minds of the jury.

8. That the verdict is excessive and appears to have been given under the influence of passion and prejudice.

9. Irregularity and misconduct in the proceedings of the jury, by which appellant was prevented from having a fair trial.

10. That the court erred in overruling appellant's motion for a new trial.

We have read the entire record in this case and, at the conclusion of the reading of said record, we are unanimously of the opinion that there was ample evidence both at the conclusion of appellee's evidence, and at the conclusion of all of the evidence, to warrant the trial court in submitting said case to the jury, and therefore we conclude that the trial court did not err in overruling appellant's motion to direct a verdict made at the conclusion of appellee's evidence and at the close of all the evidence. We are likewise of the opinion that the verdict is sustained by sufficient evidence.

The third assignment complains of error in the general charge of the court.

A careful examination of the court's charge leads us to the conclusion that the charge is not susceptible to the numerous complaints made concerning it. It is generally recognized as an undesirable practice to read the pleadings fully to the jury in the giving of a general charge; however, the mere reading of the pleadings does not constitute error for which a reversal lies, unless the court fails to properly define the issues, aside from the reading of the pleadings. Complaint is made here of the court's having read the pleadings to the jury, but the record discloses that the court very clearly, concisely and fully defined the issues to the jury and hence we conclude that in that respect no error intervened in the charge of the court.

Complaint is also made that said charge set forth certain abstract instructions to the jury, and did not advise the jury as to certain legal conclusions arising as the result of evidence, in respect to which there was no conflict; and reliance is placed upon the case of **Shickling v Post Publishing Co., 115 Oh St 589**, in support of that contention.

The court feels that said case does not bear out the contention of appellant. That case has to do with a legal relationship existing between certain parties, concerning which relationship there is no conflict in the testimony, and the case merely holds that under such circumstances it is the duty of the court to advise the jury as to the legal relationship existing between the parties.

In the instant case, the undisputed evidence has to do with the rule regulating the use of the grade crossing in question. Assuming the existence of the rule to have been established, that is only one of the elements entering into a consideration by the jury of the ultimate question to be determined, to-wit, Was the defendant company guilty of negligence in the operation of its train which proximately contributed to appellee's injuries?

Considering the charge as a whole, we are of the opinion that said charge is not amenable to the several complaints made concerning it, and that prejudicial error did not intervene in the giving of said charge as it was given.

Concerning the refusal of the court to charge the jury on the rule applicable in the event that the accident was caused or

contributorily caused by the operator of the manual block, an examination of the amended petition filed herein discloses that no claim was made by appellee wherein he attempted to assert negligence upon the part of the appellant because of the activities of the operator of said manual block, and accordingly we find no error in the court's refusal to charge upon said subject, even though requested so to do by counsel for appellant; but assuming that there was evidence in the record showing negligence upon the part of the operator of said manual block, said operator is, by statute, made a joint employee of both roads using said crossing, and therefore the appellant could not escape liability for its negligence, if the negligence were solely that of the operator of the manual block, and negligence on the part of the appellee did not proximately contribute to his injuries.

Assignment No. 5 complains because the court refused to give to the jury the following special charge requested by appellant:

"The court instructs the jury that, if they find from the evidence that plaintiff's co-employees assisting in operating the train under him were guilty of negligence which contributed to the injuries complained of, then you must find for the defendant."

It is urged, upon the authority of **Cincinnati Street Ry. Co. v Wright, Admr., 54 Oh St 181,** that, the evidence in this case showing appellee to have been in charge of the B. & O. train crew, recovery by the plaintiff could be defeated if his injuries were contributed to by those persons acting under him, to whom he bore the relationship of master or superior.

The doctrine of imputed negligence, of course, does not pertain in the state of Ohio. Entirely aside from the question of the relationship existing between plaintiff and the other members of his train crew, we are of the opinion that said charge, as requested, does not state an accurate proposition of law, because, even assuming that appellee were chargeable with the negligence of his coemployees, the request does not state that the negligence of said coemployees, in order to bar recovery by appellee, must have been a **proximate** contributing cause of appellee's injuries; and we accordingly conclude that the refusal to give said request to charge did not constitute prejudicial error.

An examination of the several charges, requested by appellee and given by the trial court, does not disclose to the members of this court that any of said charges are subject to the criticisms made of them. We believe that they state clear, concise and correct propositions of law, and that the giving of said special charges did not constitute prejudicial error.

It is next claimed that counsel for appellee was guilty of misconduct in his argument to the jury.

The record in this case discloses only the excerpt of the argument of counsel for appellee, concerning which complaint is made. The entire argument of counsel for appellee and appellant does not appear. Whether the remarks made by counsel for appellee were provoked by, or were in answer to, statements made by counsel for appellant, cannot be determined from this record and when said statements are considered in connection with the record as a whole, we cannot say that the same constituted reversible error; nor, in considering the nature and extent of appellee's injuries, the probable permanency thereof, the incapacity resulting therefrom, and the probable impairment of earning capacity, can we say that the verdict of the jury and the damages awarded appellee are excessive or that said damages appear to have been given under the influence of passion and prejudice.

It is next claimed that there was irregularity and misconduct in the proceedings of the jury, and this irregularity and misconduct is attempted to be shown by evidence aliunde, elicited from an examination of the bailiff of the trial court, and the testimony of bystanders in the corridor outside the court room.

With reference to the testimony of the bystanders, we find nothing therein which in any way tends to cast any reflection upon the conduct of the jury, and, with reference to the testimony of the bailiff of the trial court, we are of the opinion that, in the absence of competent evidence aliunde, said evidence should not have been received and cannot now properly be considered as reflecting upon the deliberations of the jury. The bailiff of said court is, by statute, charged with the duty of seeing that the deliberations of the jury are secret, and it is our thought that to permit the

verdict of the jury to be impeached by testimony of the bailiff, wherein he narrates what may have been overheard by him while outside of the jury room, would be to establish a policy utterly inconsistent with the well-established rules regulating the conduct of juries and their deliberations. Moreover, under all of the evidence in the record, there is no affirmative showing of irregularity or misconduct on the part of the jury in its deliberations, and we are clearly of the opinion ▇▇▇▇ ▇ that the trial judge did not commit reversible error in overruling the motion for a new trial, predicated upon the claimed misconduct of and irregularity in the proceedings of the jury.

What we have said with reference to the foregoing assignments of error is indicative of our conclusion with reference to the tenth assignment—namely, that of the court overruling appellant's motion for a new trial.

Enough has been said to indicate that we are of the opinion that this case was one properly submissible to the jury under the evidence shown by this record; that the same was submitted to the jury under a charge which contained no prejudicial error; that the verdict of the jury is sustained by the evidence and is not contrary to law; and that no prejudicial error intervened in the trial of the case.

The judgment of the trial court will therefore be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.